IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Anthony Roberts,    )<br>                             )<br>            Petitioner,    )<br>                             )<br>v.                         )<br>                             )<br>United States of America,  )<br>                             )<br>            Respondent.   )<br>_____) | C.A. No.: 2:06-132-PMD<br><br>**ORDER** |

This matter is before the court upon Mark Anthony Roberts' ("Roberts") motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the court dismisses Roberts' motion.

## **BACKGROUND**

On October 25, 1996, a jury convicted Roberts of various drug and money laundering offenses. On June 9, 1997, the court sentenced Roberts to life imprisonment for distributing 12 kilograms of crack cocaine with a concurrent sentence of 240 months on the money laundering counts. *United States v. Roberts*, 166 F.3d 336 (4th Cir. 1998). On December 7, 1998, the Fourth Circuit Court of Appeals affirmed Roberts' conviction and sentence, and on October 4, 1999, the Supreme Court denied his petition for a writ of certiorari. *See Roberts v. United States*, 528 U.S. 859 (1999).

Subsequently, on September 20, 2000, Roberts filed a motion to vacate pursuant to 28 U.S.C. § 2255, which this court denied on December 4, 2001. *Roberts v. United States*, C.A. No.: 2:00-2971-23. Roberts appealed the court's order denying his § 2255 motion, and the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. *See United States v. Roberts*, 33 Fed. Appx. 135 (4th Cir. 2002). On January 11, 2006, Roberts filed the

current § 2255 motion without obtaining authorization from the Fourth Circuit.

## STANDARD OF REVIEW

Roberts proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The court has thoroughly reviewed the motions, files, and records in this case and finds that no hearing is necessary.

## DISCUSSION

As previously mentioned, Roberts filed his first § 2255 motion on September 20, 2000, which the court subsequently denied. Thus, Roberts' current § 2255 motion is a second or successive motion. Pursuant to 28 U.S.C. § 2255, a petitioner who seeks to file a second or successive motion under § 2255 must first obtain certification as provided in § 2244 by a panel of the appropriate court of appeals. *See* 28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Because Roberts has not sought or obtained leave to file a second or successive motion, this court is without jurisdiction to entertain his claim. *See, e.g.,*

*United States v. Key*, 205 F.3d 773 (5th Cir. 2000); *United States v. Boone*, 2 Fed. Appx. 254 (4th Cir. 2001) (citing *Key* with approval).

## CONCLUSION

It is therefore, **ORDERED**, for the foregoing reasons, that Roberts' § 2255 motion is hereby **DISMISSED** without prejudice and without issuance and service of process for Petitioner to seek leave in the United States Court of Appeals for the Fourth Circuit to file this second or successive § 2255 motion.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**May 30, 2006**

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.

3